UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BETHANY GAIL BRIGGS,**

    Plaintiff,

v.                                                      Case No: 8:24-cv-378-MSS-TGW

**MICHAELS STORES, INC., and
UNKNOWN MANAGER,**

    Defendants.

_____

## ORDER

**THIS CAUSE** comes before this Court for consideration of Defendant Michaels Stores, Inc.'s Motion for Summary Judgment. (Dkt. 21) Plaintiff failed to file a timely response to the Motion. Plaintiff also failed to respond to the Court's Order to show cause why the Motion should not be granted. (See Dkt. 28) Instead, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice, in which Plaintiff sought to dismiss her claims against Defendants Michaels Stores, Inc. and Unknown Manager under Florida Rule of Civil Procedure 1.420. (Dkt. 29) The Court struck this filing, noting that under the Federal Rules of Civil Procedure, a plaintiff may not voluntarily dismiss an action after a defendant has filed a motion for summary judgment without

the consent of all the parties who have appeared.[1] Fed. R. Civ. P. 41. Nothing has been filed in the case since the Court's Order striking the Notice of Voluntary Dismissal.[2]

Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendant Michaels Stores, Inc.'s Motion.

## I.   LEGAL STANDARD

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)). Which facts are material depends on the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Evidence is reviewed in the light most favorable to the non-moving party. Fennell, 559 F.3d at 1216 (citing Welding Servs., Inc., 509 F.3d at 1356). A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support the non-moving party's case. Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

---

[1] The Court notes that Unknown Manager has not yet appeared in the case.
[2] According to Local Rule 3.01(c), if a party fails to timely respond, the Court may treat the motion as unopposed.

2

When a moving party has discharged its burden, the non-moving party must then designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. Porter v. Ray, 461 F.3d 1315, 1320-1321 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

## II. DISCUSSION

The Court finds summary judgment in Defendant Michaels Stores, Inc.'s favor proper in this case. In Michaels's Motion for Summary Judgment, it notes the absence of evidence in the record that Michaels had actual or constructive notice of an allegedly dangerous substance on the ground in its store on the day of Plaintiff's alleged slip-and-fall incident. (Dkt. 21 at 11) Section 768.0755(1), Fla. Stat. (2024), states:

> If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>     (a)   The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

3

    (b) The condition occurred with regularity and was therefore foreseeable.

In Lago v. Costco Wholesale Corp., 233 So. 3d 1248, 1251–52 (Fla. 3d DCA 2017), the district court of appeal affirmed the grant of summary judgment in Costco's favor where the plaintiff testified she did not see any Costco employee around the liquid or by the place where she fell before or when she fell. The plaintiff also testified she did not see the liquid on the floor before she fell, she did not know what the liquid was, and she did not know how long it had been there. Id. "Without additional facts suggesting the liquid had been there for a long period of time or this happened regularly, the trial court properly granted summary judgment in favor of Costco." Id. at 1252.

  Here, Michaels presents Plaintiff's deposition testimony in support of its Motion. (Dkt. 21-1) Plaintiff testified that she did not see any employees, customers, vendors, or delivery people in the area where she fell prior to her fall. (Id. at 93:2-11) She also testified that she did not see an employee or customer do anything to cause the "wetness" to be on the floor. (Id. at 111:7-10) Plaintiff testified that she did not know what caused her to fall. (Id. at 110) Plaintiff could not describe the "wet condition" because she did not see it, but she testified that she assumed there was something wet on the floor because her hand and left buttock felt wet. (Id.) Plaintiff testified she did not know if the substance was water or some other liquid. (Id.) Plaintiff did not know how long the "wetness" was on the floor before she fell. (Id. at 111:13-15, 24 to 112:1) Plaintiff testified that she did not know if there was anything else that

4

could have caused her to fall because she did not look around to see what caused her to slip. (Id. at 112: 6-9) She testified that she visited Michaels ten to twelve times before the date of the incident and never had any problem or prior accident there. (Id. at 72:19 to 73:3)

As in Lago, here, the record contains no evidence that Michaels had actual knowledge of the dangerous substance. The record also contains no evidence suggesting the liquid had been there for a long period of time or that dangerous liquids are regularly found on Michaels's floors. Plaintiff did not respond to designate specific facts that demonstrate there is a genuine issue for trial. Accordingly, summary judgment in Michaels's favor is appropriate.

### III.   CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Defendant Michaels Stores, Inc.'s Motion for Summary Judgment, (Dkt. 21), is **GRANTED**.

2. The Clerk is **DIRECTED** to **ENTER JUDGMENT** as to Defendant Michaels Stores, Inc. as follows: "Judgment is entered **FOR** Defendant Michaels Stores, Inc., and **AGAINST** Plaintiff Bethany Gail Briggs."

3. Within fourteen (14) days of the date of this Order, Plaintiff shall either file a notice of voluntary dismissal as to Defendant Unknown Manager pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) or **SHOW CAUSE** why this case should not be dismissed. If Plaintiff takes no action within the time

provided, **THE COURT WILL DISMISS THE ACTION** against Defendant Unknown Manager.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of December 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any *pro se* party