UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETHANY GAIL BRIGGS,

    Plaintiff,

v.

                        CASE NO: 8:24-cv-378-MSS-TGW

MICHAELS STORES, INC. and
UNKNOWN MANAGER,

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's failure to **SHOW CAUSE** why this action should not be dismissed as to Defendant Unknown Manager. Defendant Michaels Stores, Inc. removed this case from the Circuit Court in and for Sarasota County on February 9, 2024. (Dkt. 1) Since the removal, Plaintiff has filed only two documents in the case: a notice of lead counsel designation, (Dkt. 8), and a notice of voluntary dismissal, which was improperly filed because Defendant Michaels Stores, Inc. had filed a Motion for Summary Judgment. (Dkt. 29) See Gladding v. Merit Homes, Inc., No. 08-cv-211, 2008 WL 11472145, at *1 (M.D. Fla. Aug. 4, 2008). Upon Plaintiff's failure to show cause why Defendant Michaels Stores, Inc.'s Motion for Summary Judgment should not be granted, and the Court's finding that summary judgment for Defendant Michaels Stores, Inc. was appropriate on the merits,

the Court entered summary judgment for Defendant Michaels Stores., Inc. (Dkts. 28, 31, 32) The Court directed Plaintiff to either file a notice of voluntary dismissal as to Defendant Unknown Manager pursuant to Fed. R. Civ. P. 41 or to show cause why this case should not be dismissed. (Dkt. 31) The Court warned, "If Plaintiff takes no action within the time provided, THE COURT WILL DISMISS THE ACTION against Defendant Unknown Manager." (Id.) Plaintiff has failed to timely respond to the Court's Order.

    Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or to obey a court order or federal rule. However, "dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005); Ebanks v. WebBank Corp., No. 19-cv-618, 2020 WL 5513340, at *5–6 (M.D Fla. Sept. 14, 2020) (finding dismissal with prejudice appropriate where the plaintiff failed to timely respond to discovery requests and court-ordered tasks and demonstrated "egregious disinterest" in prosecuting his complaint). Plaintiff has twice failed to respond to the Court's Orders to Show Cause, (Dkts. 28, 31), and failed to respond to Defendant Michaels Stores, Inc.'s Motion for Summary Judgment. Such inaction on Plaintiff's part evidences a pattern of willful delay. See id. The Court's Order to Show Cause provided Plaintiff an opportunity to continue the prosecution of this lawsuit as against the Unknown Manager, but the Court warned Plaintiff that the failure to timely respond to the Order would result in dismissal of the action. (Dkt. 31)

The Court finds dismissal with prejudice is an appropriate sanction in this case, given Plaintiff's willful disregard for the Court's orders, Plaintiff's failure to identify Defendant Unknown Manager, and the deficiency of Plaintiff's claims, as discussed in the Court's Order Granting Defendant Michaels Stores, Inc's Motion for Summary Judgment. (Id.)

Accordingly, it is hereby **ORDERED** that this case is **DISMISSED WITH PREJUDICE as to Defendant Unknown Manager**.

**DONE and ORDERED** in Tampa, Florida, this 7th day of January 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies to:**   Counsel of Record
Any pro se party

3